IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

|  |  |
|---|---|
| United States of America,           )<br>                                                       )<br>                   Plaintiff,             )<br>                                                       )<br>vs.                                                )<br>                                                       )<br>Shane Jowell Anderson,            )<br>                                                       )<br>                   Defendant.         )<br>                                                       ) | **OPINION AND ORDER**<br><br>Crim File Nos. 3:06-cr-107;<br>3:07-cr-92 |

Before the Court is the issue of whether the United States may permissibly offer evidence at trial, including balance sheets and other documents, that were not specifically detailed in the indictment. For the reasons set forth herein, the Court concludes the United States is not barred from offering such evidence.

The indictment in this case alleges that Anderson "devised and intended to devise a scheme and artifice to defraud and to obtain money . . . by means of false and fraudulent pretenses, representations, and promises." The indictment specifically alleges with some degree of detail that income tax returns were submitted to perpetuate this alleged fraud and that those tax returns were relied upon by the victim in issuing loans and wiring funds to Anderson. Anderson argues that the focus on "tax returns" without mention of balance sheets or other documentation forecloses the government from offering such documentation[1]. The United States argues this additional evidence is necessary to explain and understand the scheme.

---

[1] Such documentation, Anderson argues, should be considered other "prior bad acts" and was not noticed as required by Rule 404(b).

1

If a variance exists between the facts charged in an indictment and the evidence offered by the government at trial that is "so fundamental that it permits the jury to convict the defendant of a different crime than that charged, it is a constructive amendment of the indictment that 'destroys the defendant's substantial right to be tried only on charges presented in an indictment returned by a grand jury.'" United States v. Griffin, 215 F.3d 866, 868 (8th Cir. 2000) (quoting Stirone v. United States, 361 U.S. 212, 217 (1960)).  Here, there is no such variance or constructive amendment.

Two cases directly on point are United States v. Shyres, 898 F.2d 647 (8th Cir. 1990) and United States v. Begnaud, 7783 F.2d 14, 148.  In Shyres, the defendants were charged with mail fraud in an indictment that specifically alleged a scheme to submit false or inflated invoices.  898 F.2d at 653.  During trial, the United States offered evidence to show a broader scheme.  On appeal, the Eighth Circuit found no fatal variance occurred, concluding the defendants "could reasonably have anticipated the evidence presented at trial from the indictment," which alleged that the defendants "devised and intended to devise a scheme and artifice to obtain money and property from [the victim] by means of false and fraudulent pretenses, representations and promises."  Id.  The Court held that although the indictment alleged some specific acts, "no language limited the scheme to the submission of false or inflated invoices."  Id.  In Begnaud, the defendant was charged with wire fraud by way of an indictment that alleged two specific false representations.  783 F.2d at 148.  The Eighth Circuit rejected the notion that a fatal variance occurred where "the prosecution offered evidence of, and the court's instructions allowed the jury to consider, other misrepresentations allegedly made."  Id.  The Court stated the primary consideration is whether the indictment apprised the defendant of the charges and held:

"The indictment charged [the defendant] with using wire communications in furtherance of a scheme to defraud and to obtain money by false pretenses . . . This was the evidence the prosecution produced at trial. [The defendant's] contention that he was only prepared to defend against the two misrepresentations specifically set forth in the indictment is simply without merit."  Id.  Under Shyres and Begnaud, the Court concludes there is no variance and this evidence is admissible.

The evidence at issue here falls beyond the scope of 404(b) because it is evidence of the alleged scheme and artifice to defraud, part of the *res* of this crime.  The doctrine of *res gestae* applies where "a crime is so interwoven with the charged crime that it is impossible to prove one without revealing the other" and "the purpose of evidencing the other crime is not to prove the defendant's character to show conduct in conformity with his character."  22 Federal Practice and Procedure § 5239.  Here, in order to understand the scheme or artifice to defraud as alleged in the indictment, evidence of other "false and fraudulent pretenses, representations, and promises" must be offered at trial.  This is not 404(b) evidence, does not constitute a variance or constructive amendment of the indictment, and is, thus, admissible.

**IT IS SO ORDERED.**

Dated this 29th day of April, 2008.

>                    */s/    Ralph R. Erickson*
>                    Ralph R. Erickson, District Judge
>                    United States District Court