IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **OPINION AND ORDER ON** |
| Plaintiff, | ) | **AMOUNT OF LOSS** |
| | ) | |
| vs. | ) | Crim. File No.  3:06-cr-107 |
| | ) | |
| Shane Jowell Anderson, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On April 30, 2008, Defendant was found guilty by jury verdict of all counts of a seven-

count indictment alleging bank fraud and false statements.  On May 1, 2008, the issue of loss

was tried to the bench.  Both parties submitted post-hearing briefs (Docs. #122 and 125).

Additionally, the defendant filed two documents, *pro se*, that also addressed the issue.

A "'district court need make only a reasonable estimate'" of the amount of loss.  United

States v. DeRosier, 501 F.3d 888, 895 (8th Cir. 2007) (quoting United States v. Scott, 448 F.3d

1040, 1044 (8th Cir. 2006)).  The sentencing guidelines provide that generally, the "amount of

loss" is the greater of the actual or intended loss.  U.S.S.G. § 2B1.1, n. 3(A).  Here, the United

States argues the full amount of the unpaid loans – $393,698.77 – is the "intended" loss amount

and should be used in the Court's calculation.  The defendant has asserted he never intended to

default on the loans.  Though the defendant's credibility is questionable, there is insufficient

evidence in the record to convince the Court that the defendant, in fact, never intended to repay

the ill-gotten loans.  Therefore, the Court will calculate the amount of loss based on the *actual*

amount lost, with appropriate credit given for the pledged collateral and other money or property

turned over to the victim.  U.S.S.G. § 2B1.1, n. 3(E).

It is undisputed that the outstanding balance of the AgCountry loans is $393,698.77 and that the sale of the pledged property yielded $114,992.51.  This results in a "loss" of $278,706.26.  The United States urges the Court that no further deductions are warranted. However, in viewing the evidence, including various inventories, lists, invoices, and the testimony provided at the May 1, 2008 hearing, the Court is persuaded that the defendant should be given some additional credit toward the loss amount.  See U.S.S.G. § 2B1.1, n. 3(E)(ii).

The commentary to the Sentencing Guidelines Manual states that "[i]n a case involving collateral pledged or otherwise provided by the defendant," loss should be reduced by "the amount the victim has recovered at the time of sentencing from disposition of the collateral, or if the collateral has not been disposed of by that time," loss should be reduced by "the fair market value of the collateral at the time of sentencing."  Id.  Although the $114,992.51 reflects the amount AgCountry received from sale of the collateral, the great disparity between the sale proceeds and fair market value gives the court pause.  Therefore, additional credits are warranted for the following items:

1.    Soilection box.  Mr. Anderson paid $15,000 for a Soilection system in 2002.  The Soilection fertilizer box was ultimately sold for $25.  The Court concludes that $25 is far below any reasonable estimate of the box's value.  The Court concludes the Soilection box had a value of $15,000 and the amount of loss should be credited for the difference.

2.    Service Truck.  Mr. Anderson's service truck was insured for more than $20,000 but yielded only $10,000, including some contents, at auction.  The Court concludes the truck had a value of $15,000 and the amount of loss should be credited for $5,000.

3.    Dummy header.  The "dummy" header used for bean harvest was sold for $50. Mr. Anderson estimates it was worth at least $5,000.  The Court concludes the value of the header was $3,000 and the amount of loss should be credited $2,950.

Additionally, the fair market value of the following items – which were not disposed of at

2

the time of the hearing – should be applied to the amount of loss:

4.　　Stolen property: It is undisputed that a number of items were stolen while in AgCountry's possession, including the contents of the service truck, two trailers, and GPS and radio equipment. These items were not insured by AgCountry. The defendant estimates the value of these items at $38,000. The Court concludes that though the defendant has grossly overestimated the value of this used equipment, the items have some value. The radios and GPS systems have a value of $4,500. The trailers have a value of approximately $6,500. The contents of the service truck have a value of approximately $1,000. The amount of loss should therefore credited $12,000.

5.　　Other personal property: The defendant has supplied numerous lists to the Court of the personal property – including both small personal items and larger items like tanks, tools, and other equipment – that was inside the vehicles and equipment when they were seized. He estimates the total contents are worth about $20,000. AgCountry asserts all personal property was returned to the defendant. The Court concludes a reasonable estimate is somewhere between the two extremes and therefore concludes the amount of loss should be credited $6,000.

6.　　Accounts receivable. It is undisputed that an account receivable was assigned by the bankruptcy court to AgCountry. This account had a balance due of $49,609.87. The Court concludes that the account had some value at the time of assignment and estimates that value at 30 cents on the dollar. Therefore, the amount of loss should be credited for $15,000.

7.　　Cash bonds. AgCountry was assigned $2,750 in forfeited cash bonds, and this should be deducted from the amount of loss.

There is no support for Defendant's assertions that AgCountry damaged his equipment or that there is any legal basis for crediting the amount of loss for the defendant's rental fees for other equipment. Therefore, these and all other arguments and points of contention raised by the defendant as to amount of loss are hereby rejected.

In sum, considering the arguments of the United States and the defendant and all evidence and testimony received during the trial and the loss hearing, the Court hereby concludes a reasonable estimate of the loss is $220,031.76.

**IT IS SO ORDERED.**

Dated this 6th day of June, 2008.

/s/        *Ralph R. Erickson*
Ralph R. Erickson, District Judge
United States District Court